OPINION
{¶ 1} Plaintiffs-appellants, Antonio W. Campagna, JoAnne Campagna, Joseph Campagna, Zeb Campagna, Christian Campagna, and Nicole Campagna, appeal from a decision of the Franklin County Court of Common Pleas granting the motion of defendants-appellees, Clark Grave Vault Company and CTL Steel, for judgment notwithstanding the verdict.
 {¶ 2} Plaintiff, Antonio Campagna (hereinafter "Campagna"), was a truck driver for MacRan Corporation. On May 5, 1997, Campagna entered defendants' business premises in Columbus, Ohio, for the purpose of loading steel that would be transported for his employer. After the steel was loaded onto Campagna's flatbed truck in defendants' loading bay area, Campagna began to secure the steel. Prior to securing the load, Campagna was directed to proceed out of defendants' building in order to facilitate the loading of other vehicles. Campagna exited the building and began to work on securing the load in the east lot, just outside the loading bay. Once again, Campagna was directed to move his flatbed truck because his truck remained an obstruction. Still in the east lot, Campagna ultimately positioned his truck next to a wire fence. Defendants did not provide Campagna with a ladder or platform while he was in the east lot. The east lot itself contained various obstacles, such as oil barrels, pallets, and a fire hydrant. In addition, the ground in the east lot was not perfectly level, considering the existence of gravel and dirt, undulations on the surface, and the alleged slope.
 {¶ 3} Because of the close proximity of the fence to the truck, Campagna was unable to secure the load with straps and winches. Employing an acceptable alternative to securing with straps, Campagna began to use chains to secure the load. In order to tighten the chains, Campagna used ratchet binders. Because of "the way [the steel] was situated on the truck," Campagna had to climb on the bed of the truck in order to tighten the ratchet binders. (Tr. 85.) Campagna ran out of ratchet binders and began using snap binders.
 {¶ 4} Campagna was attempting to "snap" a snap binder when the tragic event, which gave rise to this litigation, occurred. Using three breaker bars, which were connected together, Campagna attempted to snap the snap binder. A breaker bar "turned over" and Campagna was "shot" off the truck bed; Campagna landed on his left side. As a result of this fall, Campagna suffered significant and extensive physical injury.
 {¶ 5} On May 4, 1999, plaintiffs filed a complaint alleging that plaintiffs incurred damages, including personal injury and loss of consortium, as a result of defendants' negligence. On May 24, 1999, defendants filed an answer denying any and all liability to plaintiffs alleged in the complaint. After discovery, defendants filed a motion for summary judgment. The trial court granted this motion, finding no factual basis to support a duty owed to Campagna and no breach of duty, even if there was a duty to Campagna. Because the trial court found no duty or breach of duty, it held that the damages to plaintiffs could not have been proximately caused by the acts of defendants.
 {¶ 6} Plaintiffs subsequently appealed to this court from the decision of the trial court granting defendants' motion for summary judgment. In Campagna v. Clark Grave Vault Co. (June 28, 2001), Franklin App. No. 00AP-605 (hereinafter "Campagna I"), this court reversed the lower court's granting of summary judgment for defendants on the basis that there remained genuine issues of material fact. The court reasoned that because it found that defendants owed a duty to Campagna as a business invitee, it was error for the trial court to grant summary judgment "while genuine issues of material fact remain to be litigated." Id. The Campagna I opinion states: "genuine issues of material fact exist as to whether appellees breached their duty by failing to provide a safe location for Campagna to `secure and tarp' his load of steel."
 {¶ 7} Subsequently, on remand to the trial court, the case was heard before a jury in May 2002. The jury returned a verdict in favor of plaintiff Campagna for $1,132,139.09, and in favor of plaintiffs JoAnne Campagna, Joseph Campagna, Zeb Campagna, Christian Campagna, and Nicole Campagna for $148,610. The jury found Campagna to be 20 percent comparatively negligent, and the trial court entered judgment in favor of plaintiffs and against defendants for the sum of $1,024,599.20.
 {¶ 8} Pursuant to Civ.R. 50 and 59, defendants filed a motion for a judgment notwithstanding the verdict and for a new trial. The trial court granted the motion for judgment notwithstanding the verdict and provisionally ordered a new trial on the condition the judgment is reversed on appeal. Plaintiffs timely appeal the September 16, 2002 decision of the trial court and assign the following errors:
ASSIGNMENT OF ERROR No. 1:
THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO ERRED AND ABUSED ITS DISCRETION IN GRANTING DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT BASED ON A FINDING OF NO EVIDENCE TO SUPPORT THE JURY VERDICT RENDERED IN FAVOR OF PLAINTIFFS.
ASSIGNMENT OF ERROR No. 2:
THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO ERRED AND ABUSED ITS DISCRETION IN GRANTING DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT BASED ON THE CONCLUSION THAT THE JURY'S FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THERE WAS SUBSTANTIAL, COMPETENT EVIDENCE TO SUPPORT THE JURY VERDICT.
ASSIGNMENT OF ERROR No. 3:
THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO ERRED AND ABUSED ITS DISCRETION IN PROVISIONALLY ORDERING A NEW TRIAL IN THE EVENT THAT THE JUDGMENT NOTWITHSTANDING THE VERDICT IS REVERSED ON APPEAL.
ASSIGNMENT OF ERROR No. [4][1]:
THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO ERRED AND ABUSED ITS DISCRETION IN PROVISIONALLY ORDERING A NEW TRIAL BASED ON THE CONCLUSION THAT THE JURY'S FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THERE WAS SUBSTANTIAL, COMPETENT EVIDENCE TO SUPPORT THE JURY VERDICT.
ASSIGNMENT OF ERROR No. [5]:
THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO ERRED AND ABUSED ITS DISCRETION IN PROVISIONALLY ORDERING A NEW TRIAL BASED UPON THE CONCLUSION THAT THE DAMAGE AWARD TO PLAINTIFF FOR FUTURE ECONOMIC LOSS WAS EXCESSIVE AND INFLUENCED BY PASSION OR PREJUDICE WITHOUT ANY RECORD SUPPORT WHATSOEVER.
 {¶ 9} By their first and second assignments of error, plaintiffs assert that the trial court erred when it granted defendants' motion for judgment notwithstanding the verdict. The Ohio Supreme Court has stated:
The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions. * * *
Posin v. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271,275.
 {¶ 10} "`A motion for directed verdict or a motion for judgment notwithstanding the verdict does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the evidence.'" Ruta v. Breckenridge-Remy Co.
(1982), 69 Ohio St.2d 66, 68, quoting O'Day v. Webb (1972),29 Ohio St.2d 215, paragraph three of the syllabus. Because the issue is one of law, appellate review of a motion for a judgment notwithstanding the verdict is de novo. See Toole v. Cook (May 6, 1999), Franklin App. No. 98AP-486.
 {¶ 11} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285. Whether a duty exists in a negligence action is a question of law. Benton v. Cracker Barrel Old Country Store, Inc. (June 5, 2003), Franklin App. No. 02AP-1211, 2003-Ohio-2890, at ¶ 11. "It is axiomatic that, under the common law of premises liability, the status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) defines the scope of the legal duty that the responsible party owes the entrant." Shump v. First Continental-RobinwoodAssoc. (1994), 71 Ohio St.3d 414, 417. Furthermore, "`[b]usiness invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner. * * * It is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition.'"Benton, at ¶ 13, quoting Light v. Ohio Univ. (1986), 28 Ohio St.3d 66,68. We note, however, that a premises owner is not an insurer of the safety of his business invitees. See Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203.
 {¶ 12} The Ohio Supreme Court, in Armstrong v. Best Buy,99 Ohio St.3d 79, 2003-Ohio-2573, upheld the viability of the "open-and-obvious" doctrine in Ohio. This doctrine states that "a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious." Id. at ¶ 5, citing Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. "The rationale underlying this doctrine is `that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'"Armstrong, at ¶ 5, citing Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644. However, "the dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable." Lydic v. Lowe'sCompanies, Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. The Ohio Supreme Court described the application of the open-and-obvious doctrine as follows:
* * * A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. * * * When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims.
(Citations omitted.) Armstrong, at ¶ 5. Stated differently, the duty ordinarily owed to a business invitee is subject to the open-and-obvious defense, which, if applicable, bars any negligence claim.[2]
 {¶ 13} As stated in Campagna I, Campagna was clearly a business invitee. Applying basic premises liability principles to the facts of this case, defendant owed a duty to Campagna to provide a reasonably safe location to "secure and tarp" his load of steel. See Campagna I. InCampagna I, this court recognized that defendant owed Campagna a "duty of ordinary care to maintain the premises in a reasonably safe condition."Campagna I, citing Paschal, supra. Furthermore, this duty "requires a business owner to warn invitees of latent and concealed defects."Campagna I, citing Davenport v. M/I Schottenstein Homes, Inc. (1993),96 Ohio App.3d 237, 240.
 {¶ 14} The open-and-obvious doctrine was pleaded as an affirmative defense in defendants' answer, dated May 24, 1999. The open-and-obvious doctrine was not discussed when the parties argued the merits of defendants' motion for summary judgment. The trial court did not discuss the doctrine in its decision granting defendants' motion for summary judgment. When the merits of the granting of summary judgment were appealed to this court, the doctrine was not discussed. In Campagna I,
this court found that defendants owed a duty to Campagna as a business invitee but did not consider the open-and-obvious doctrine in the opinion. At trial, the jury was instructed as to the open-and-obvious doctrine. In its decision granting judgment notwithstanding the verdict, the trial court discussed the open-and-obvious doctrine in its conclusions of law. In this appeal, defendants argue the open-and-obvious defense. We consider the doctrine and find the doctrine applicable to this case.
 {¶ 15} "`The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of a particular case.'" Flowers v. Penn Traffic Co. (Aug. 16, 2001), Franklin App. No. 01AP-82, appeal not allowed, 93 Ohio St.3d 1498, quoting Millerv. Beer Barrel Saloon (May 24, 1991), Ottowa App. No. 90-OT-050. The "dangers" alleged in this case can be placed into two categories: (1) encumbrances and other factors that restricted the movement of trucks and the mode of securing a load on a truck, and (2) the unlevel ground, which resulted from the existence of gravel and dirt, undulations in the surface and the alleged slope. The east lot was "unsafe," or was in a hazardous condition, to the extent that these factors created danger. We find that these factors were not concealed; they were in plain view. Construing the evidence most strongly in favor of plaintiffs, reasonable minds can only reach one conclusion as to the alleged hazards: all hazards that existed in the east lot at the time of the incident were open and obvious. Specifically, the absence of ladders or platforms; the existence of encumbrances such as the oil barrels, pallets, fire hydrant, standpipe surrounded by steel beams, and the chain-link fence topped with barbed wire; and the unlevelness of the ground, were all open and obvious hazards.[3]
 {¶ 16} Based on the foregoing reasons, we find the open-and-obvious doctrine applicable to this case. The open-and-obvious nature of the hazards in the east lot absolved defendants of any duty to Campagna regarding these hazards. Thus, we hold that defendants owed no duty to Campagna regarding the hazards in the east lot, and defendants are entitled to judgment as a matter of law. See Armstrong, supra, at ¶ 15. The trial court did not err in granting the motion for a judgment notwithstanding the verdict. Accordingly, plaintiffs' first and second assignments of error are overruled.
 {¶ 17} By their third, fourth, and fifth assignments of error, plaintiffs assert that the trial court erred when it provisionally ordered a new trial in the event the judgment notwithstanding the verdict is reversed on appeal. Our disposition of plaintiffs' first and second assignments of error renders their third, fourth, and fifth assignments of error moot. See App.R. 12(A)(1)(c).
 {¶ 18} For the foregoing reasons, plaintiffs' first and second assignments of error are overruled, and plaintiffs' third, fourth, and fifth assignments of error are moot. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
WRIGHT and KLATT, JJ., concur.
WRIGHT, J., retired, of the Ohio Supreme Court, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] For purposes of clarity, we have renumbered defendants' assignments of error because we presume appellants inadvertently omitted the number four in their numbering of the assignments of error.
[2] We note that an application of the open-and-obvious doctrine is not precluded by testimony that a condition was "unsafe." Armstrong, at ¶ 16.
[3] Consistent with our determination that the dangers were open and obvious, the evidence indicates that prior to his fall, Campagna was in fact aware of most, if not all, of the particular factors that created a hazardous condition. Campagna's knowledge of the dangers raises the possibility that Campagna implicitly assumed the risks created by the hazardous condition. Because we resolve this case at the threshold issue of duty, and because the implied assumption of the risk doctrine goes to causation, not the existence of a duty, we decline to analyze the effect of the implied assumption-of-the-risk doctrine on this case.