DECISION AND JUDGMENT ENTRY {¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee, Lowe's Home Centers, Inc. For all of the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} On appeal, appellants Kathy B. Williams and Lafayette Williams[1] set forth the following sole assignment of error: *Page 2 
 {¶ 3} 1. "The trial court erred in granting summary judgment to defendant-appellee Lowe's Home Improvement Centers, Inc."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On May 29, 2003, J. H. Peter Jones was engaged by appellant to perform various lawn maintenance tasks, such as cutting grass and trimming hedges. Appellant furnished Jones with a hedge trimmer. During the course of performing the requested yard work, the hedge trimmer failed and was no longer useable. Jones was unable to repair it.
 {¶ 5} Unable to complete the tasks due to the equipment glitch, Jones instructed appellant that her hedge trimmer broke and could not be repaired. Appellant asked Jones to accompany her to a new Lowe's Home Improvement store on Central Avenue in suburban Toledo to assist her in selecting a replacement hedge trimmer.
 {¶ 6} Upon arrival at Lowe's, Jones and appellant located the aisle where the selection of hedge trimmers was on display. While walking down the aisle towards the hedge trimmers, appellant observed a pallet containing boxes of merchandise sitting on the floor in the aisle directly in front of the hedge trimmers.
 {¶ 7} The hedge trimmers available for purchase were stored on shelves above the eye level of appellant and Jones. In order to assist appellant in evaluating her options, Jones looked up to the boxes and conveyed the varying prices and models of hedge trimmers to appellant who stood behind Jones.
 {¶ 8} Appellant selected a trimmer to purchase in her desired price range and informed Jones which trimmer she wanted to purchase. Jones reached up to the shelf *Page 3 
where the trimmer was located and attempted to secure the box. Jones lost his grip on the box and it fell downwards towards appellant. The box knocked appellant into the adjacent pallet of stacked merchandise. Appellant fell to the floor next to the pallet.
 {¶ 9} In the course of this incident, Jones managed to catch the box before it struck the ground. Appellant refused medical treatment, completed her purchase, and left the store with her new trimmer.
 {¶ 10} On May 27, 2005, appellant filed a complaint alleging negligence against both Lowe's and Jones. Jones was later voluntarily dismissed from the case. On January 25, 2006, Lowe's filed a motion for summary judgment, asserting it owed no duty to appellant to warn her of an open and obvious condition such as a pallet of boxed merchandise plainly sitting in the aisle of a home improvement store. Lowe's argued that that the open and obvious nature of the condition complained of barred appellant from recovery against Lowe's for failure to warn her of such a condition.
 {¶ 11} Appellant rebutted Lowe's affirmative defense and argued that she lacked an appreciation of the hazardous nature of the condition and should not be precluded from recovery. On June 8, 2006, the trial court granted summary judgment to Lowe's. The trial court determined that Lowe's owed no duty to appellant to warn or protect her from an open and obvious condition that she had directly observed prior to the accident. The trial court concluded that the condition was neither latent nor hidden warranting summary judgment in favor of Lowe's. Appellant filed a timely notice of appeal. *Page 4 
 {¶ 12} On appeal, appellant contends that the trial court erred in granting summary judgment to Lowe's. Appellate court review of a trial court's summary judgment determination is conducted pursuant to a de novo standard of review. The appellate court utilizes the same standard as applied by the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. See, also, Sancrant v. Elliot, 6th Dist. No. L-05-1385, 2006-Ohio-3609, ¶ 5.
 {¶ 13} Summary judgment will be awarded when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law.Id.
 {¶ 14} Applying the above standards to the instant case, we first note that appellant was a business invitee on Lowe's premises. As the premises' owner, Lowe's owed appellant a "duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." Armstrong v. Best BuyCo., 99 Ohio St.3d 79, 80, 2003-Ohio-2573, ¶ 5.
 {¶ 15} The determinative issue is whether the condition was open and obvious or latent. The conclusion to this underlying question dictates whether or not Lowe's owed appellant a duty to warn.
 {¶ 16} The open and obvious doctrine is uniformly recognized and adhered to by courts in the state of Ohio. The open and obvious doctrine establishes that a premises' owner has no duty to warn invitees of conditions deemed to be open and obvious. Sidle *Page 5 v. Humphrey (1968), 13 Ohio St.2d 45, at paragraph one of the syllabus;Paschal v. Rite-Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203.
 {¶ 17} The underlying rationale justifying the liability consequences of the open and obvious doctrine is that the obvious nature of the hazard itself serves as an adequate warning. As such, the premises owner may reasonably anticipate that invitees will discover those dangers and engage in appropriate actions to protect themselves from the dangers.Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644. When the trier-of-fact concludes that the open and obvious doctrine is applicable to a particular case, the doctrine operates as a total bar to negligence recovery. Armstrong, at 80.
 {¶ 18} In a comparable premises liability negligence claim made against Lowe's wherein an invitee tripped over wood scraps on the floor, the Tenth District Court of Appeals concluded that the determinative issue was whether the condition was observable to a reasonable person. The court concluded that recovery for objectively observable conditions is banned even in those scenarios in which the claimant had failed to actually notice the condition. Lydic v. Lowe's Companies., Inc., 10th Dist. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. By contrast, in this case, appellant testified that she observed the condition but argued that she subjectively failed to appreciate its risk. As held in Lydic, open and obvious determinations are conducted pursuant to an objective, not subjective, standard.
 {¶ 19} We have carefully reviewed and considered the record of evidence in this case in order to determine whether the condition at issue was latent or obvious. In her *Page 6 
complaint, appellant specifically complains that Lowe's was negligent in failing to warn plaintiff of the pallets of boxed merchandise on the floor or in exposing her to the condition. Appellant's deposition transcript unambiguously establishes that appellant directly observed the pallet of boxes when she entered the hedge trimmer aisle. While appellant argues that Lowe's should nevertheless remain liable inasmuch as appellant claimed to have lacked an appreciation of the condition, this is not relevant to the appropriate legal test.
 {¶ 20} As reaffirmed by Lydie, the key issue in determining applicability of the open and obvious doctrine is whether an objectively reasonable person would have observed the condition. In this case, appellant claims to have observed the condition but did not understand it. This distinction is irrelevant. Liability is extinguished as a matter of law pursuant to the open and obvious doctrine in those cases where an objectively reasonable person could have seen and appreciated the condition.
 {¶ 21} In this case, appellant did, in fact, see the condition. Her understanding of the condition does not bar application of the open and obvious doctrine. We find that an objectively reasonable person would have observed and understood the condition. We find that a pallet of boxed merchandise plainly situated in the aisle constituted an open and obvious condition extinguishing any duty to warn.
 {¶ 22} Appellant has failed to establish a genuine issue of material fact as to negligence by Lowe's. Summary judgment was appropriate. Appellant's sole assignment of error is not well-taken. *Page 7 
 {¶ 23} On consideration whereof, this court finds that substantial justice has been done and affirms the judgment of the trial court. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J. JUDGE
Arlene Singer, J. JUDGE
Thomas J. Osowik, J. JUDGE
CONCUR.
[1] Appellant Lafayette Williams is the husband of Kathy B. Williams. For clarity, we will refer to appellant Kathy B. Williams in the singular throughout the remainder of this decision and judgment entry. *Page 1