[Cite as *Hammersmith v. Univ. of Cinn.*, 2024-Ohio-3286.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| TODD E. HAMMERSMITH | Case No. 2024-00313AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| UNIVERSITY OF CINCINNATI | |
| Defendant | |

{¶1} This matter is before the deputy clerk for an R.C. 2743.10 administrative determination. The deputy clerk determines that judgment should be entered for defendant.

**Background.**

{¶2} Plaintiff Todd Hammersmith alleges that defendant, University of Cincinnati ("UC"), erected stairs ascending to a restroom at UC's Nippert Stadium. He further alleges that the stairs were improperly installed, resulting in a gap of multiple inches immediately between the stairs and the restroom. Hammersmith started into the restroom but took a step back to allow another patron to exit the restroom. Hammersmith's foot then went into the gap and his leg went down as far as his thigh, resulting in injuries. He seeks to recover his medical expenses, compensation for pain and suffering, and other damages. Plaintiff submitted the $25.00 filing fee.

**Analysis**.

{¶3} UC disputes liability, arguing that the hazard causing plaintiff's injuries was open and obvious. A hazard's open and obvious nature negates a property owner's duty, and hence any negligence claim, because its obvious nature puts the injured party on notice to avoid it. *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968), paragraph one of the syllabus; *Williams v. Lowe's Home Ctrs., Inc.*, 2007-Ohio-2392, ¶ 17 (6th Dist.).

{¶4} In determining whether a hazard is open and obvious "the key issue is … whether an objectively reasonable person would have observed the condition." *Id*. at ¶ 20. The "dangerous condition at issue does not actually have to be observed by the plaintiff

in order for it to be an 'open and obvious' condition under the law.  Rather, the determinative issue is whether the condition is observable." *Campagna v. Clark Grave Vault Co.*, 2003-Ohio-6301, ¶ 12 (10th Dist.).

{¶5}    The photographs attached to plaintiff's complaint establish that the hazard causing his injuries was open and obvious.  See *Armstrong v. Best Buy Co.*, 2003-Ohio-2573, ¶ 16 (considering photograph of the hazard); *Simms v. Penn Natl. Gaming, Inc.*, 2022-Ohio-388, ¶ 25 (10th Dist.) (same).  The hazard was the gap between the stairs and the restroom.  The gap was in an open, well lit, location.  It was obvious, six to eight inches in width and several feet in length.  It resulted in a stark color contrast; the gap resulted in a dark hole, while the surrounding surfaces were light colored.  The hazard was therefore open and obvious, defeating plaintiff's claim.

{¶6}    Judgment is therefore entered for defendant.

| TODD E. HAMMERSMITH | Case No. 2024-00313AD |
|---|---|
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | ENTRY OF ADMINISTRATIVE DETERMINATION |
| UNIVERSITY OF CINCINNATI | |
| Defendant | |

{¶7}    Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  The court shall absorb the court costs associated with this case in excess of the filing fee.

HOLLY TRUE SHAVER
Deputy Clerk

Filed 7/19/24
Sent to S.C. Reporter 8/27/24